FILED

JUL 27 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PASTOR ROMERO RODRIGUEZ,
Pastor Rodriguez,

　　　　　　　Petitioner,

　v.

ERIC H. HOLDER, JR., Attorney General,

　　　　　　　Respondent.

No. 08-74054

Agency No. A094-335-262

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 15, 2010
Seattle, Washington

Before: REINHARDT, GRABER, and PAEZ, Circuit Judges.

Pastor Romero Rodriguez (Romero) petitions for review of a Board of

Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ's)

---

　　*　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

denial of withholding of removal and relief under the Convention Against Torture (CAT). We DENY the petition.

The BIA denied Romero's application for withholding of removal on the ground that he failed to testify credibly in support of his application. Romero contends that the BIA's adverse credibility determination was not supported by substantial evidence. We disagree.

The BIA reviewed the IJ's adverse credibility determination for clear error and provided illustrative examples from the IJ's decision to explain its conclusion that the IJ did not clearly err in finding that Romero lacked credibility. Accordingly, we look to the IJ's decision "as a guide to what lay behind the BIA's conclusion." *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008) (internal quotation marks omitted); *see also Morgan v. Mukasey*, 529 F.3d 1202, 1206 (9th Cir. 2008). The IJ found numerous inconsistences in Romero's testimony, including Romero's initial failure, when questioned about his experiences of violence in Honduras, to mention the fact that he had been raped as a teenager. Because this inconsistency, which the BIA specifically mentioned in its decision, provides substantial evidence for the BIA's adverse credibility determination, we

hold that the BIA did not err in finding Romero not credible.[1] *See Wang v. INS*,

352 F.3d 1250, 1259 (9th Cir. 2003).

An adverse credibility finding does not preclude eligibility for CAT relief.

*See Kamalthas v. INS*, 251 F.3d 1279 (9th Cir. 2001). The record evidence,

however, does not compel the conclusion that it is more likely than not that Romero

will be tortured if returned to Honduras. Accordingly, we affirm the BIA's denial

of CAT relief.

DENIED.

---

[1]Romero argues that the IJ and BIA erred by failing to consider the possibility that the inconsistencies in his story were the result of memory lapses caused by his medication. The BIA did consider this possibility, however, and agreed with the IJ that there was no evidence in the record to suggest that Romero's medications would affect his memory. In his brief, Romero does not point to any such evidence. Instead, he relies on his attorney's assertion during his IJ hearing that "[Romero is] on a great deal of medication and some of that does affect his memory and the inconsistencies there appear to be with dates." The BIA and IJ were not required to accept the truth of counsel's unsupported statements.